GREAT BEAR SPRING COMPANY *v.* BEAR LITHIA
SPRINGS COMPANY.

---

TRADEMARKS; CANCELATION; WRONGFUL REGISTRATION; RES JUDICATA.

1. Where matters were proper for consideration in a former proceeding between the same parties, and if not presented, might have been,

they are by force of the decision in the former case *res judicata.* Following *Bluthenthal & Bickart* v. *Bigbie Bros & Co.* (33 App. D. C. 209, and citing *Re Herbst,* 44 App. D. C. 203.)

2. A decision of this court in an interference holding that one of the parties was entitled as against the other to have its trademark registered, cannot be successfully assailed in a subsequent action brought by the successful party to have his adversary's registration of the same mark canceled as having been wrongfully granted.

3. The invasion of a party's right to register a trademark by the wrongful registration of the same mark to another implies damage, and is sufficient grounds for cancelation. Following *N. Wolf & Sons* v. *Lord,* 41 App. D. C. 514.

No. 1139, Patent Appeals. Submitted January 17, 1918.    Decided March 4, 1918.

HEARING on an appeal from a decision of the Commissioner of Patents canceling a registered trademark.    *Affirmed.*

The facts are stated in the opinion.

*Mr. Edward S. Beach* for the appellant.

*Mr. Fritz V. Briesen* for the appellee.

Mr. Chief Justice SMYTH delivered the opinion of the Court:

The Patent Office, on the application of the appellee, canceled a registered trademark of the appellant. To the application, appellant filed an answer the material parts of which were stricken out upon the motion of the appellee on the ground that the issues presented by them had all been adjudged against the appellllant in an interference involving like subject-matter between the same parties, and thereupon cancelation was ordered. In the interference referred to, it was decided by the Patent Office, and the decision was affirmed by this court (*Great Bear Spring Co.* v. *Bear Lithia Spring Co.* 45 App. D. C. 305), that the marks were alike; that the appellee had shown a prior use, and, implicitly albeit not expressly, that the goods to which the marks were applied were of the same general nature.    The

Great Bear Spring Company, appellant here, urged in that proceeding, which was disposed of by the Patent Office in 1914, that the present appellee was estopped from asserting a right to the mark as against the appellant by reason of certain decisions of New Jersey equity courts rendered in 1906 and 1907, respectively (*Bear Lithia Springs Co.* v. *Great Bear Spring Co.* 71 N. J. Eq. 595, 71 Atl. 383; *Bear Lithia Springs Co.* v. *Great Bear Spring Co.* 72 N. J. Eq. 871, 68 Atl. 86), and on other grounds. Profert of these decisions was made by appellant in connection with a motion to dissolve the interference. The Patent Office held that they had no bearing upon such a motion, but might be presented on the final hearing. When that was reached, the profert was not renewed.

Appelllant's answer in this proceeding denies the similarity of the marks and the identity of the goods; alleges that appellee's mark is invalid because, as asserted, it indicates quality, and not origin; and is a geographical term as well as a personal name. It further avers that the appellee is estopped by the New Jersey decisions. At a glance it appears that everyone of these matters was material in the interference. If appellant had established there all or one of them, it would have defeated its opponent. Certainly they were proper for consideration, and, if not presented, they might have been. Therefore they are by force of the decision in that case *res judicata.* (*Bluthenthal & Bickart* v. *Bigbie Bros. & Co.* 33 App. D. C. 209, and cases there cited; see also *Re Herbst,* 44 App. D. C. 203; *Cromwell* v. *Sac County,* 94 U. S. 351, 24 L. ed. 195). The right to cancelation depends upon that judgment. It determined that appellee was "entitled to have his [its] trademark registered" (sec. 6, Act of 1905 [33 Stat. at L. 726, chap. 592, Comp. Stat. 1916, sec. 9491]), and as a corollary of this appellant's registration of the same mark must be unlawful; hence it should be erased. To succeed here, appellant must destroy the effect of that judgment,—by having retried questions which inhere in it,—and this, indeed, is what it seeks to do. But the judgment is unassailable in this proceeding, which resembles somewhat a creditor's suit to set aside a conveyance. Usually such a suit cannot be maintained until the creditor has established his debt by a

judgment at law. In the creditor's suit it would not be permissible for the defendant to retry the defenses asserted, or which might have been asserted by him in the law action, for the judgment in that action would be conclusive as to all such things. (*Mattingly* v. *Nye,* 8 Wall. 370, 19 L. ed. 380.) And so it is here with respect to the decision in the interference.

Appellant attempts to differentiate between the interference and the present case. It says that in the former the claim was as to the right to register, while here it is with respect to the right to have the registration canceled. A creditor's bill seeks different relief from that sought by the law action which must precede it, but that does not permit a re-examination of the matters inhering in the law judgment.

It would be unreasonable to hold that appellee had the right to register the trademark and then say it could not have canceled the wrongful registration given to appellant for the same mark. If this were done, the first judgment would be an empty thing "signifying nothing." No, it having been adjudged that the right to register the mark belonged to the appellee, the latter is entitled, as an inevitable consequence, to have appellant's registration canceled.

Neither is there any merit in the contention that the appellee is not injured within the meaning of section 13 of the Act of 1905, and therefore has no standing to ask for cancellation. The invasion of appellee's right implies damage. (*N. Wolf & Sons* v. *Lord,* 41 App. D. C. 514, 516.)

The decision of the Commissioner was right, and it is affirmed.                                  *Affirmed.*